UNITED STATES DICTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TONYA STEWART-GRAY,
as Guardian of the Person and Property
of KENNETH C. GRAY

**COMPLAINT**

Plaintiff,

vs.                                                                  -CV-

UNITED STATES OF AMERICA

Defendant.

---

Plaintiff, by her attorneys, LoTempio P.C. Law Group, as and for her Complaint against Defendant herein, alleges as follows, upon information and belief:

1.      Plaintiff was and is a citizen of the United States of America and a resident of the State of New York, County of Genesee, residing at **104 Union Street, Batavia, New York OR 69 Rothe Avenue, Batavia, New York**.

2.      The Court has jurisdiction by reason of § 1346 of Title 28 of the United States Code, and Chapter 171 of Title 28 of the United States Code known as the Federal Tort Claims Act.

3.      This Court is the appropriate venue for this action as pursuant to 28 U.S.C. § 1402(b), given that this is the district in which the Plaintiff resides.

4.      Defendant is a sovereign entity that, through its agents, servants and employees and through the Department of Veterans Affairs, a federal agency, at all times hereinafter mentioned, did and does operate a hospital, commonly known as the Batavia VA Medical Center located at 222 Richmond Avenue, Batavia, New York.

5.      Pursuant to and in compliance with the statutes and regulations made and

1

provided, including 28 U.S.C. § 2675(a) and 28 U.S.C. § 2401(b), Plaintiff filed administrative claims for Kenneth C. Gray's ("Gray") conscious pain and suffering and economic damage, on or about July 5, 2019, and which were acknowledged received on or about that same date with the federal agency out of whose activities the claims arose.  A copy of the "Claim for Damage, Injury, or Death" filed on behalf of Gray, and the affidavit confirming service upon the Batavia VA Medical Center are collectively annexed hereto as Exhibit "A."

6.     More than six months have elapsed since the Defendant, by and through said federal agency, was placed on notice of the administrative claims, and the Veterans Administration (Batavia VA Medical Center) has failed to make a final disposition of the claim, and has failed to provide any denial or other written response to the Plaintiff's administrative claim.  As a result, the failure to respond within six months is deemed a final denial pursuant to 28 U.S.C. § 2675.

7.     That the within action is commenced within six (6) months of denial of Plaintiff's administrative claims.

8.     Plaintiff has duly complied with all conditions precedent to commencement of this action.

9.     That on or about July 20, 2017, KENNETH C. GRAY was placed into long-term care at the aforementioned Batavia VA Medical Center, where he was under continuous care and treatment.

10.    That prior to his admission to Batavia VA Medical Center, Gray was prescribed and was taking certain blood thinner medication.

11.    The Defendant by and through, its agents, servants and employees at

2

Batavia VA Medical Center failed to administer Gray's blood thinner medication.

12.     That on or about August 2, 2017, Gray experienced medical complications caused by blood clots in his legs, for which he required emergency surgery.  Gray was expeditiously transferred from Batavia VA Medical Center to Buffalo VA Medical Center, and then from Buffalo VA Medical Center to Buffalo General Hospital where he underwent surgery with the hope of avoiding amputation of his leg(s).

13.     That Defendant by and through its agents, servants and employees at Batavia VA Medical Center was negligent, careless and reckless, and deviated from accepted standards of medical and hospital care in, among other things, failing to administer Gray's blood thinner medication; negligently causing Gray to experience medical complications (e.g., sustaining blood clots in his legs); negligently causing Gray to undergo emergency surgery to avoid amputation of his leg(s) due to loss of blood flow; negligently causing the use of general anesthesia which exacerbated Gray's pre-existing dementia; failing to appropriately coordinate Gray's care and treatment with other health care professionals and entities participating in Gray's care and in being otherwise negligent.

14.     On or about May 30, 2019, Plaintiff was appointed as the Guardian of Gray's Person and Property pursuant to Article 81 of the Mental Hygiene Law.

15.     That as a result of the foregoing and the negligence, carelessness, recklessness and departure from accepted standards of medical and hospital care in the community of Defendant, KENNETH C. GRAY suffered severe and permanent injuries, pain and suffering and mental and emotional distress, economic losses, all to his damage in the amount of Three Million Dollars ($3,000,000.00).

3

WHEREFORE, Plaintiff respectfully demands judgment against the Defendant on the first cause of action in the amount of Three Million Dollars ($3,000,000.00) and requests such other and further relief as to this Court may deem just and proper, including the costs and disbursements of this action.

DATED:      Buffalo, New York
            March 24, 2020

                                LOTEMPIO P.C. LAW GROUP


                                /s/ Boyd L. Earl
                                BOYD L. EARL, ESQ.
                                *Attorneys for Plaintiff*
                                181 Franklin Street
                                Buffalo, New York 14202
                                (716) 855-3761
                                boydearl@gmail.com

4